**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**

**CASE NO. 18-61361-CIV-WPD**

| | |
|---|---|
| MARIANNE JOFFE, DEBBE SCHERTZER, and STEPHANIE RODRIGUEZ, individually and on behalf of all others similarly situated, | ) ) ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) |
| GEICO INDEMNITY COMPANY, GOVERNMENT EMPLOYEES INSURANCE COMPANY and GEICO GENERAL INSURANCE COMPANY, | ) ) ) ) |
| | ) |
| Defendants. | ) |
| | ) |

---

**JOINT MOTION TO STAY ALL PRETRIAL DEADLINES**
**AND HOLD SUMMARY JUDGMENT IN ABEYANCE**

---

Defendants GEICO Indemnity Company, Government Employees Insurance Company, and GEICO General Insurance Company ("GEICO" or "Defendants") and Plaintiffs Marianne Joffe, Debbe Schertzer, and Stephanie Rodriguez ("Plaintiffs") (collectively, the "Parties") hereby jointly file this Motion requesting that the Court stay all pretrial deadlines and hold any orders on GEICO's and Plaintiffs' motions for summary judgment in abeyance while the Parties seek approval of their settlement agreement.

1.    On June 1, 2020, in accordance with *In re: Coronavirus Public Emergency*, Admin. Order 2020-24, ¶ 2 (S.D. Fla. Apr. 3, 2020), the Parties filed a joint motion requesting a new trial date and extension of all corresponding pretrial deadlines. [D.E. 105].

CASE NO. 18-61361-CIV-WPD
*Joint Motion to Stay all Pre-Trial Deadlines*
 *And Hold Summary Judgment in Abeyance*
Page 2

2.  On June 3, 2020, the Court granted the Parties' joint motion and ordered the parties to propose a new two-week trial calendar by June 10, 2020. [D.E. 108].

3.  As set forth in detail in the Joint Notice of Settlement [D.E. 110], after engaging in extensive negotiations, the Parties reached a global settlement of both this case and a related class action, *Roth v. GEICO General Insurance Company*.

4.  The Parties therefore request that the Court stay all pretrial deadlines as they seek approval of the settlement.

5.  The Court has broad discretion to adjourn or stay proceedings incident to its power to control its own docket. *See Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc.*, 556 F.3d 1232, 1240 (11th Cir. 2009); *see also Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936) (stating that every court has the inherent power to "control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants").  Various circumstances justify staying proceedings in the district court, so long as the stay is not without proper justification.  *Trujillo v. Conover & Co. Commc'ns*, 221 F.3d 1262, 1264 (11th Cir. 2000); *Lisa, S.A. v. Mayorga*, 232 F. Supp. 2d 1325, 1326 (S.D. Fla. 2002) ("The Eleventh Circuit has also recognized that a variety of factors may be considered when staying a case in favor of a related case in another court including issues of docket control and principles of abstention."); *McCabe v. Foley*, 233 F.R.D. 683, 685 (M.D. Fla. 2006).

6.  Here, good cause exists for this Court to stay all pretrial deadlines to allow the Parties to seek approval of their settlement, which will dispose of this case entirely.  *Gevaerts v. TD Bank, N.A.*, No. 11:14-CV-20744-RLR, 2015 WL 12533121, at *10 (S.D. Fla. Aug. 4, 2015) (staying the lawsuit and suspending all deadlines pending final approval of the settlement); *US*

CASE NO. 18-61361-CIV-WPD
*Joint Motion to Stay all Pre-Trial Deadlines*
*And Hold Summary Judgment in Abeyance*
Page 3

*Airline Pilots Ass'n v. Velez*, No. 314CV00577RJCDCK, 2016 WL 8722883, at *1 (W.D.N.C. Mar. 11, 2016) ("In light of the parties' settlement in principle of all the consolidated cases in this matter, the Court finds that there is good cause to stay all current scheduling and filing deadlines pending the final approval of the parties' proposed settlement.").

7.      In addition to a stay of all pretrial deadlines, the Parties request the Court hold in abeyance any orders on the Parties' motions for summary judgment.

8.      Summary judgment was fully briefed by both parties on February 11, 2020. [D.E. 59, 63, 70, 72, 75-78]. Because the Parties were engaged in substantive settlement discussions, on June 2, 2020, GEICO filed an unopposed motion requesting that this Court hold summary judgment in abeyance until June 16, 2020. [D.E. 106]. The Court granted GEICO's unopposed motion, which allowed the Parties to continue to explore settlement. [D.E. 109].

9.      Given the settlement in this case, the Parties request that the Court hold in abeyance any orders on their motions for summary judgment as they seek approval of their settlement.

10.     District courts routinely issue orders such as this to allow parties to pursue and finalize settlement without the threat of a pending summary judgment order. *See Dugan v. Lloyds TSB Bank, PLC*, No. C 12-02537 WHA, 2014 WL 12642172, at *1 (N.D. Cal. Apr. 24, 2014) (holding pending cross-motions for summary judgment and the trial schedule in abeyance until the final approval hearing of a class settlement); *Etter v. Allstate Ins. Co.*, No. C 17-00184 WHA, 2018 WL 5791883, at *5 (N.D. Cal. Nov. 4, 2018) ("Cross-motions for summary judgment were fully briefed and set to be heard before they were held in abeyance pending the filing of the motion for preliminary approval of this settlement."); *see also Ciccotelli v. Washington Mut., Inc.*, No. 5:10-CV-16, 2011 WL 13202233, at *2 (D. Vt. Sept. 26, 2011) ("At the August 2, 2011 hearing, the

CASE NO. 18-61361-CIV-WPD
*Joint Motion to Stay all Pre-Trial Deadlines*
*And Hold Summary Judgment in Abeyance*
Page 4

court informed the parties that it would hold JPMC's summary judgment motion in abeyance for twenty-one days while Mr. Ciccotelli and JPMC engaged in settlement negotiations."); *R&B, Inc. v. Needa Parts Mfg., Inc.*, 418 F. Supp. 2d 684, 687 (E.D. Pa. 2005) ("The defendants filed a motion for partial summary judgment on March 31, 2004, but the Court held the motion in abeyance at the request of counsel while the parties engaged in settlement discussions."); *In re Taxable Mun. Bonds Litig.*, No. CIV. A. MDL 863, 1994 WL 532079, at *1 (E.D. La. Sept. 26, 1994) ("I then held the summary judgment in abeyance at the request of lead counsel in order that they might pursue settlement negotiations.").

Accordingly, the Parties request that the Court (1) stay all pretrial deadlines and (2) hold any ruling on the Parties' motions for summary judgment in abeyance while the Parties seek approval of the settlement.

Dated: June 10, 2020

Respectfully submitted,

s/ *Annette Urena Tucker*
Annette Urena Tucker
Florida Bar No. 14838
**KAPLAN ZEENA LLP**
Florida Bar No. 14838
2 South Biscayne Boulevard
One Biscayne Tower, Suite 3050
Miami, Florida 33131
Telephone: (305) 530-0800
Facsimile: (305) 530-0801
annette.tucker@kaplanzeena.com

Kymberly Kochis (*pro hac vice*)
Alexander P. Fuchs (*pro hac vice*)
**EVERSHEDS SUTHERLAND (US) LLP**
1114 Avenue of Americas, 40th Floor
New York, New York 10036
Telephone: (212) 389-5082

CASE NO. 18-61361-CIV-WPD
*Joint Motion to Stay all Pre-Trial Deadlines*
*And Hold Summary Judgment in Abeyance*
Page 5

Facsimile:  (212) 389-5099
kymkochis@eversheds-sutherland.com
alexfuchs@eversheds-sutherland.com

***Attorneys for Defendants***

/s/ Jacob L. Phillips
Jacob L. Phillips
Florida Bar No. 0120130
Edmund A. Normand
Florida Bar No. 0865590
**Normand PLLC**
3165 McCrory Place, Ste. 175
Orlando, FL 32803
Telephone: (407) 603-6031
Facsimile: (888) 974-2175
ed@normandpllc.com
jacob.phillips@normandpllc.com

Christopher J. Lynch
Florida Bar No. 331041
**Christopher J. Lynch, P.A.**
6915 Red Road, Suite 208
Coral Gables, Florida 33143
Telephone: (305) 443-6200
Facsimile: (305) 443-6204
Clynch@hunterlynchlaw.com
Lmartinez@hunterlynchaw.com

Bradley W. Pratt
Florida Bar No. 0094300
**Pratt Clay, LLC**
4401 Northside Parkway, Suite 520
Atlanta, Georgia 30327
Telephone: (404) 949-8118
Facsimile: (404) 949-8159
bradley@prattclay.com

Tracy L. Markham
Florida Bar. No. 0040126
**Southern Atlantic Law Group, PLLC**
2800 N. 5th Street, Suite 302
St. Augustine, Florida 32084
Phone: (904) 794-7005

CASE NO. 18-61361-CIV-WPD
*Joint Motion to Stay all Pre-Trial Deadlines*
*And Hold Summary Judgment in Abeyance*
Page 6

Facsimile: (904) 794-7007
tlm@southernatlanticlawgroup.com

Andrew Lampros (*pro hac vice*)
Christopher B. Hall (*pro hac vice*)
**Hall & Lampros, LLP**
400 Galleria Parkway, Suite 1150
Atlanta, GA 30339
Phone: (404) 876-8100
Facsimile: (404) 876-3477
alampros@hallandlampros.com
chall@hallandlampros.com

***Attorneys for Plaintiffs***