IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

**CASE NO. 18-61361-CIV-WPD**

| | |
|---|---|
| MARIANNE JOFFE, DEBBE SCHERTZER, and STEPHANIE RODRIGUEZ, individually and on behalf of all others similarly situated, | )<br>)<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | )<br>) |
| GEICO INDEMNITY COMPANY, GOVERNMENT EMPLOYEES INSURANCE COMPANY and GEICO GENERAL INSURANCE COMPANY, | )<br>)<br>)<br>)<br>) |
| Defendants. | )<br>) |

## JOINT MOTION TO CONSOLIDATE CASES

Defendants GEICO Indemnity Company, Government Employees Insurance Company, and GEICO General Insurance Company ("GEICO" or "Defendants") and Plaintiffs Marianne Joffe, Debbe Schertzer, and Stephanie Rodriguez ("Plaintiffs") (collectively, the "Parties") hereby jointly move pursuant to Fed. R. Civ. P. 42(a)(2) to consolidate this action with the related case *Roth v. GEICO General Ins. Co.*, Case No. 16-62942-Civ-DIMITROULEAS (S.D. Fla.) (the "*Roth* case"), respectfully stating as follows:

1.   The Parties are concurrently filing a Motion for Indicative Ruling pursuant to Fed. R. Civ. P. 62.1 in the *Roth* case, respectfully requesting this Court state that it would grant the instant Joint Motion to Consolidate Cases, Plaintiffs' Motion for Preliminary Approval of the Global Settlement Agreement (settling both the *Roth* and *Joffe* cases), and the Parties' Motion to

Set Aside the Final Judgment in *Roth*.

2.    On June 19, 2020, the Eleventh Circuit Court of Appeals stayed the appellate proceedings in the *Roth* case (Case No. 20-10465-HH), pending an indicative ruling from this Court relating to approval of the global settlement. Should this Court enter an Order making an indicative ruling that the motion for preliminary approval will be granted, the Parties will promptly move the Eleventh Circuit for a limited remand of the *Roth* case back to this Court.

3.    This case, the *Joffe* case, is a class action against three GEICO entities: GEICO Indemnity Company, Government Employees Insurance Company, and GEICO General Insurance Company. Plaintiffs seek recovery of sales tax and title fees for total loss claims on leased vehicles, on behalf of the following certified class:

> All persons insured by Defendant GEICO Indemnity Company, or Defendant GEICO General Insurance Company under a Florida insurance policy for private passenger auto ("PPA") physical damage coverage who suffered a first-party total loss of a covered leased vehicle (1) at any time during the five years prior to the filing of this lawsuit up to the date of any order granting class certification (as to Defendant Government Employees Insurance Company and Defendant GEICO Indemnity Company), and (2) at any time from August 31, 206 up to the date of any order granting class certification (as to Defendant GEICO General Insurance Company), whose claims were adjusted by one of the Defendants as total loss claims, and who were not paid the full total loss vehicle value ("TLVV") sales tax and/or title fees.

(Doc. 52 at 12.)

4.    The *Roth* case is class action against GEICO General Insurance Company, in which the plaintiffs also seek recovery of sales tax and title fees for total loss claims on leased vehicles, on behalf of the following certified class:

> All persons insured by Defendant [GEICO General Insurance Company] under a Florida insurance policy for private passenger auto ("PPA") physical damage who suffered a first-party total loss of a covered leased vehicle at any time during the 5 years prior to the filing of this lawsuit, whose claim was adjusted by Defendant as a total loss claim, and who was not paid the full total loss vehicle value ("TLVV") sales tax or title transfer fees.

2

(*Roth*, 16-62942, Doc. 47 at 2.)

5. The two cases assert the same claims, but for different time periods as to different defendants. This Court has recognized that the cases are nearly identical. (Doc. 52, at 1.)

6. As set forth in detail in the Joint Notice of Settlement and Report filed on June 10, 2020 (Doc. 110), the Parties to this case and the *Roth* case have reached a global settlement of both cases.

7. Accordingly, the Parties respectfully request that the Court consolidate this case and the *Roth* case for the limited purpose of considering the proposed global settlement, and, if the settlement is approved, overseeing its implementation.[1]

8. "Under Federal Rule of Civil Procedure 42(a), a district court may consolidate multiple actions that "involve a common question of law or fact." *E.g.*, *Eghnayem v. Boston Scientific Corp.*, 873 F.3d 1304, 1313 (11th Cir. 2017). The district court's decision is "purely discretionary," but "[i]n exercising its considerable discretion," the trial court must consider:

> Whether the specific risks of prejudice and possible confusion are overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives.

*Id.* (quoting *Hendrix v. Raybestos-Manhattan, Inc.*, 776 F.2d 1492, 1495 (11th Cir. 1985)).

---

[1] As explained in the Joint Notice of Settlement, the Parties intend to file a Notice of this Motion to Consolidate in *Roth* and jointly request an indicative ruling concerning preliminary approval of the settlement in the *Roth* case, so as to secure limited remand of the pending *Roth* appeal. The Parties will respectfully request such indicative ruling include an indication that this Court will consolidate the cases pursuant to the terms of the Settlement. (Doc. 110.) The Parties respectfully submit that this Court should abate an Order on this Motion until after the indicative Order and after limited remand is provided by the Eleventh Circuit. If this Court denies the Motion for an indicative ruling – or if the Eleventh Circuit denies limited remand – consolidation of the Actions would be moot (and jurisdictionally improper), and the Parties would withdraw this Motion.

3

9. The Parties respectfully submit that consolidation of the *Roth* case and this case for consideration of the parties' global settlement is appropriate, and considering the proposed global settlement in a single consolidated case will be efficient and conserve judicial and party resources. *See, e.g.*, *Woodward v. Nor-Am Chem. Co.*, 1996 WL 1094746 (S.D. Ala. May 16, 1996) (consolidating class actions in which the parties reached "the same proposed settlement agreement"); *Mims v. Wells Fargo Home Mortg.,* 2014 U.S. Dist. LEXIS 88930 (M.D. Ga. 2014) (consolidating class action against mortgage company for settlement purposes where the cases involved common questions of law and fact, and consolidation promoted the interests of judicial economy); *Kelen v. World Fin. Network Nat'l Bank*, 302 F.R.D. 56, 63 (S.D. N.Y. 2014) (consolidating three class actions for purposes of settlement because they involved "the same legal issues arising out of the use of materially identical forms."); *Burton v. Am. Cyanamid*, 2014 U.S. Dist. LEXIS 158368, at *21 (E.D. Wis. Nov. 10, 2014) ("Consolidation for the limited purpose of resolving plaintiffs' settlement-related motions is efficient and will avoid unnecessary cost and delay."); *Brumley v. Camin Cargo Control, Inc.*, 2012 U.S. Dist. LEXIS 40599, at *28 (D. N.J. Mar. 26, 2012) ("the Settlement Agreement…resolves all three actions on a common basis, thus streamlining and economizing the proceedings").

10. The Parties are jointly requesting consolidation, and there is no prejudice or confusion that would result from consolidation. To the contrary, the Parties respectfully submit that consolidation would promote the efficient and clear resolution of these matters.

Accordingly, the Parties respectfully request that the Court consolidate the *Roth* case and this case for the limited purpose of considering approval of the global settlement, and, if approved, overseeing the implementation of the global settlement reached by the Parties in the two cases.

**Dated:** July 17, 2020.

                    Respectfully submitted,

                    */s/ Jacob L. Phillips*
Jacob L. Phillips
Florida Bar No. 0120130
Edmund A. Normand
Florida Bar No. 0865590
**Normand PLLC**
3165 McCrory Place, Ste. 175
Orlando, FL 32803
Telephone: (407) 603-6031
Facsimile: (888) 974-2175
ed@normandpllc.com
jacob.phillips@normandpllc.com

Christopher J. Lynch
Florida Bar No. 331041
**Christopher J. Lynch, P.A.**
6915 Red Road, Suite 208
Coral Gables, Florida 33143
Telephone: (305) 443-6200
Facsimile: (305) 443-6204
Clynch@hunterlynchlaw.com
Lmartinez@hunterlynchaw.com

Bradley W. Pratt
Florida Bar No. 0094300
**Pratt Clay, LLC**
4401 Northside Parkway, Suite 520
Atlanta, Georgia 30327
Telephone: (404) 949-8118
Facsimile: (404) 949-8159
bradley@prattclay.com

Tracy L. Markham
Florida Bar. No. 0040126
**Southern Atlantic Law Group, PLLC**
2800 N. 5th Street, Suite 302
St. Augustine, Florida 32084
Phone: (904) 794-7005
Facsimile: (904) 794-7007
tlm@southernatlanticlawgroup.com

Andrew Lampros (*pro hac vice*)
Christopher B. Hall (*pro hac vice*)
**Hall & Lampros, LLP**
400 Galleria Parkway, Suite 1150
Atlanta, GA 30339
Phone: (404) 876-8100
Facsimile: (404) 876-3477
alampros@hallandlampros.com
chall@hallandlampros.com

*Attorneys for Plaintiffs*

s/ *Annette Urena Tucker*
Annette Urena Tucker
Florida Bar No. 14838
**KAPLAN ZEENA LLP**
Florida Bar No. 14838
2 South Biscayne Boulevard
One Biscayne Tower, Suite 3050
Miami, Florida 33131
Telephone: (305) 530-0800
Facsimile: (305) 530-0801
annette.tucker@kaplanzeena.com

Kymberly Kochis (*pro hac vice*)
Alexander P. Fuchs (*pro hac vice)*
**EVERSHEDS SUTHERLAND (US) LLP**
1114 Avenue of Americas, 40th Floor
New York, New York 10036
Telephone: (212) 389-5082
Facsimile: (212) 389-5099
kymkochis@eversheds-sutherland.com
alexfuchs@eversheds-sutherland.com

*Attorneys for Defendants*